UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11158MLW

| | |
|---|---|
| COMCAST OF MASSACHUSETTS I, INC. ("COMCAST"),<br>Plaintiff<br><br>v.<br><br>AVERILL MORAN,<br>Defendant | DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COUNT I (VIOLATION 47 U.S.C. § 553) |

## I. BACKGROUND

The present action is based upon Plaintiff's allegation that Defendant descrambled and intercepted its cable television signals in violation of Title 47 U.S.C. § 553. Plaintiff's complaint contains two counts, the first, violation of 47 U.S.C. § 553, and its second, the common law claim of conversion. Defendant's first responsive pleading to Plaintiff's COUNT I alleging violation of 47 U.S.C. § 553 is his present motion pursuant to Fed. R. Civ. Proc. 12(b)(6) where Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's basis for this affirmative defense is the expiration of the statute limitations for COUNT I as discussed below.

## II. PARTIES

Plaintiff is Comcast of Massachusetts I, Inc. (hereinafter "Plaintiff" or "Comcast"), having a place of business at 6 Campanelli Drive, Andover, Essex County, Massachusetts.

Defendant is Averill Moran, an individual having a residential address of 95 Pitman Street, Methuen, Essex County, Massachusetts.

## III. ISSUE AT LAW

**Whether Plaintiff's COUNT I alleging a violation of 47 U.S.C. § 553 is time barred pursuant to the applicable statute of limitations, 47 U.S. C. 415(a).**

## IV. ARGUMENT

**Whether Plaintiff's COUNT I alleging violation of 47 U.S.C. § 553 must fail since it is time barred pursuant to the applicable statute of limitations.**

1. **Plaintiff did not file its complaint until almost three years after the time it alleges Defendant received its scrambled programming.**

    On June 13, 2005, Defendant was served Plaintiff's complaint alleging violation of 47 U.S.C. § 553 and common law conversion. Defendant refers to and incorporates by reference Plaintiff's complaint attached hereto as EXHIBIT A.

    Paragraph 13 of Plaintiff's complaint states "On information and belief, on or before June 14, 2002, the Defendant or some third party modified one (1) certain converters /descramblers, without Comcast's authorization, thereby creating a descrambling devise(s)." On its face, Plaintiff's complaint alleges modifications of its cable box approximately three (3) years ago. Although not germane to the present motion, Defendant vehemently denies this allegation. Defendant states that, upon information and belief, he returned a cable box to Comcast as defective on or before June 14, 2002.

    The applicable statute of limitations, 47 CMR 415 (a) (recovery of charges by carrier) states "All actions at law by carriers for their lawful charges, or any part thereof, shall begin within two years from the time the action accrues, and not after."

Plaintiff's Complaint should have been filed on or before June 15, 2004. Its failure to file until June 3, 2004, nearly one year after the statue of limitations expired, is fatal to this cause of action.

Accordingly, Plaintiff's COUNT I must be dismissed, with prejudice.

1.  **Standard of Review – Fed. R. Civ. Proc. 12(b)(6)**

The standard of review for a motion pursuant to Fed. R. Civ. Proc. 12(b)(6) is ". . . the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, . . .." [Fed. R. Civ. Proc. 12(b)]

In CSC HOLDINGS, INC. v. J.R.C. PRODUCTS, INC., ET AL., 78 F. Supp. 2d 794 (1999), the Court reiterated the standard for summary judgment, in a case of alleged cable piracy, stating in pertinent part, "Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); CINCINNATI INS. CO. v. FLANDERS ELEC. MOTOR SERV., INC., 40 F.3d 146, 150 (7TH Cir. 1994). A genuine issue for trial exists only when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. ANDERSON v. LIBERTY LOBBY, INC., 477 U.S.. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view all evidence in a light most favorable to the nonmoving party, and draw all reasonable inferences from the evidence in the nonmovant's favor. CINCINNATI INS., 40 F.3d at 150. However, if the evidence is merely colorable, or is not significantly probative, or merely raises some metaphysical doubt as to the material facts, summary judgment may be granted. LIBERTY LOBBY, 477 U.S. at 261, 106 S.Ct. 2505; MATSUSHITA ELEC. INDUS. CO. v. ZENITH RADIO CORP., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In making its determination, the court's sole function is to determine whether sufficient evidence exists to support a verdict in the nonmovant's favor. Credibility determinations, weighing evidence, and drawing reasonable

inferences are jury functions, not those of a judge deciding a motion for summary judgment. LIBERTY LOBBY, 477 u.s. AT 255, 106 s.ct. 2505."

The question then becomes whether, in a light most favorable to Plaintiff, dismissal of Plaintiff's count alleging violation of 47 U.S.C. 553 is appropriate.

In C.S.C. HOLDINGS, INC., supra, the Court addressed the statute of limitations issue in which the Defendants asserted a two year limitation period pursuant to 47 U.S.C. 415(a). In that case, the Court rejected this affirmative defense since there was indisputable evidence that there had been a series of ongoing violations that tolled the statute. Additionally, the Court found that there was sufficient evidence to conclude that the Defendants had actively attempted to conceal their offending activities. In the present matter, there is no evidence that there was any attempt by Mr. Moran to conceal anything.

The present matter compares relevantly with CSC HOLDINGS, INC., supra, in that 47 U.S.C. 415 is the appropriate statute of limitations – two years. This case then contrasts favorably for the Defendant in the present matter. First, it is indisputable that Comcast was in possession of Mr. Moran's allegedly altered cable box on or before June 14, 2002 (EXHIBIT 1, at PP 13, Plaintiff's Complaint). Second, it is also indisputable that Comcast filed its complaint nearly a year after the statute of limitations had passed, even under a light most favorable to Comcast. The contrast lies in the issue of tolling the limitations period, where in CSC HOLDINGS, INC., supra, there was clear evidence that the defendants attempted to conceal their illicit activities, however there is no such evidence presently.

In the Rule 56 context, there are no genuine issues of material fact in dispute as to the term of the statute, the date of the alleged malfeasance and the date Comcast's complaint was filed.

Accordingly, Defendant's Motion To Dismiss COUNT I of Plaintiff's Complaint must be ALLOWED.

The analysis now turns to when the statute of limitations begins to run and whether Plaintiff has a cognizable argument for other wise tolling the statute.

2. **The statute of limitations began to run No later than June 14, 2002 and thereafter any action pursuant to 47 U.S.C. 553 is time barred as of June 14, 2004.**

The legislative intent of the two year statute of limitations imposed by 47 U.S.C. 415 (a) is "... to fix one date on which all causes of action, ..., should be deemed to have accrued (citing the Interstate Commerce Act § 16(3), 49 U.D.S. (1976 Ed) § 16(3) [this statute was later replaced by 49 U.S.C. 11706 (1982)].

A case on point regarding the determination of the effective date for the running of 49 U.S.C. 415(a) is <u>MCI TELECOMMUNICATIONS CORPORATION v. TELECONCEPTS, INCORPORATED V. BELL OF PENNSYLVANIA</u>, 71 F.3d 1086 (1995) which stated in pertinent part "The period fixed by a statute of limitations begins to run from the 'accrual of the cause of action.'" Supra at 1101, citing 4A Corbin, Corbin On Contracts § 951 (1951).

In the present matter, it is indisputable that Plaintiff claims the alleged acts of Defendant occurred "... on or before 6/14/2002. ..." Accordingly, by its own admissions, and in a light most favorable to Plaintiff, the alleged offenses( which are denied) occurred about three years prior to its complaint filing date of June 3, 2005.

Therefore Plaintiff's COUNT I alleging violations of 47 U.S.C. 553 must, as a matter of law, be DISMISSED, with prejudice.

3.  **There is no reasonable argument Plaintiff can proffer in support of tolling the two year statute of limitations.**

    The issue of the when a Plaintiff discovers or should discover an alleged injury was refined and addressed in MCI TELECOMMUNICATIONS CORPORATION, supra, where it opined that a reasonable interpretation of 47 U.S.C.A. § 206, 415 (b) should be in a case of alleged telecommunications interception, the "discovery of injury rule" as opposed to the "date of injury rule." However this rule imposes upon the plaintiff a standard of due diligence, stating ". . . a cause of action accrues only when the IXC (interchange carrier, here MCI – explanation added) discovers (or with due diligence should discover). . ..", the event causing the damages claimed [71 F3d 1086 at 1416(1995)].

    In the present matter, Comcast has not met its burden of due diligence. Since it had the cable box in its possession on or before June 14, 2002, it cannot reasonably argue concealment beyond that date. Similarly, since it had the allegedly modified cable box for nearly three year before filing suit, it similarly cannot reasonably argue that it met its burden of due diligence.

    Finally, Comcast affirmed its awareness of a potential claim against the Defendant in its May 11, 2004 correspondence to Mr. Moran (EXHIBIT 3) in which Comcast alleges a claim under 47 U.S.C. 553 against Mr. Moran and concedes that its expert "subsequently tested" the cable box he returned to Comcast on June 14, 2002. Nevertheless, Comcast failed to file its complaint against Mr. Moran until June 3, 2005.

    There is no reasonable explanation Comcast can articulate in support of its dilatory practices, particulatly in light of the undisputed set of facts and timeline.

    Accordingly, where the statute of limitations has run and where Plaintiff cannot reasonably argue concealment nor that it has met its burden of due diligence in light of

the facts and authorities cited herein above, Plaintiff's claim pursuant to 47 U.S.C 553 must fail.

## V. CONCLUSION

For the reasons stated herein above and in the interests of fundamental fairness, Plaintiff's COUNT I and its prayers numbered 1 – 6 in its Complaint must be dismissed with prejudice.

                                                  Respectfully submitted,
                                                  Averill Moran,
                                                  By his attorney,

6/30/05

                                                  Frank J. Ingram
                                                  325 Central Street
                                                  Saugus, MA  01906
                                                  (781)233-2990
                                                  BBO No. 635348